**AMERICAN ARBITRATION ASSOCIATION**
Commercial Arbitration Tribunal

---

In the Matter of the Arbitration between

Case Number: 01-23-0004-9185

Choice Hotels International, Inc.
    Claimant
-vs-
Danish Khan; Pervez Sultan; Nadeem Malik
Syed Razzaqi, Respondents

---

### AWARD OF ARBITRATOR

I, David A. Hirsch, the undersigned Arbitrator, having been designated in accordance with the Arbitration Agreement entered into by the Parties, Claimant Choice Hotels International, Inc., represented by Zachary Berge, Esq. and ex parte Respondents Danish Khan, Pervez Sultan, Nadeem Malik and Syed Razzaqi, and dated January 23, 2019 with an effective date of January 25, 2019, and having been duly sworn and the oral hearings having been waived in accordance with the Rules, and having fully reviewed and considered the written documents submitted to me by Claimant, and Respondents having failed to participate or to submit documents after due notice by mail and by e-mail in accordance with the Rules, hereby AWARD as follows:

    The Respondents entered a joint and several Personal Guaranty of all obligations under a Franchise Agreement with Claimant. The Parties failed to timely open the rebranded property as required under the Franchise Agreement. Default was not cured even after a written Notice of Default was duly sent. Thereafter, Claimant duly sent a written Notice of Termination of the Franchise Agreement.

    The LLC entity that signed the Franchise Agreement filed bankruptcy. Each of the above-listed Respondents signed the Personal Guaranty for joint and several liability in the event of a default of the Franchise Agreement.

    The Franchise Agreement specified liquidated damages to be measured by the number of days between the termination and the earliest date by which the defaulting party could have terminated the agreement by right. In this instance, that term exceeded thirty-six months, but the Franchise Agreement has a provision capping that component of liquidated damages at thirty-six months. That period of time is then multiplied at a rate of forty-five dollars per room multiplied by the subject property's number of rooms which in this instance was eighty-six rooms.

    Claimant, however, was able to obtain a party to take over the franchised property after twenty-seven months, so it reduced the first part of the calculation by nine months to twenty-seven months. Accordingly, using the contractual formula, reduced by Claimant's mitigation, the damages are calculated as follows: 27 months X 45 rate per room X 86 rooms = $104,490.00. Claimant is thus awarded the sum of $104,490.00 against each of the above-named Respondents jointly and severally.

The administrative fees and expenses of the American Arbitration Association totaling $1,925.00 shall be borne by each of the named Respondents jointly and severally, and the compensation and expenses of the Arbitrator totaling $525.00 shall be borne by each of the named Respondents jointly and severally. Therefore, Respondents jointly and severally shall reimburse the sum of $2,450.00, representing that portion of said fees and expenses in

**EXHIBIT 2**

excess of the apportioned costs previously incurred by Claimant.

The above sums are to be paid on or before sixty (60) days from the date of this Award.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

I, David A Hirsch, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

06-06-24
Date

David A. Hirsch, Arbitrator